UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

SRINIVASA RAO KAMBALA, et al     *     Case No: 1:13-cv-00498 RC-ZJH
          Plaintiffs

                        *

        vs.                 *

                        *

SIGNAL INTERNATIONAL, LLC, et al,    
          Defendants        *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

ANSWER OF MALVERN C. BURNETT,
THE LAW OFFICES OF MALVERN C. BURNETT, A.P.C., AND
GULF COAST IMMIGRATION LAW CENTER, L.L.C.

Now comes Malvern C. Burnett, The Law Offices of Malvern C. Burnett, A.P.C. , and the

Gulf Coast Immigration Law Center, L.L.C., hereinafter referred to collectively as "Burnett, who

in response to the Plaintiffs' Complaint in the above captioned matter herewith makes the

following objections, defenses, and answer.

GENERAL OBJECTION TO COMPLAINT.

Burnett objects to the Plaintiffs' Complaint as being in violation of Rule 8 of the Federal

Rules of Civil Procedure, in that it does not contain a short and plain statement of claims, but

rather a 70 page, 404 paragraph narrative, being essentially argument of counsel, replete with

conclusory, inflammatory, and superfluous statements designed solely to inflame, and engender

passion and prejudice against Defendants, including Burnett, and containing several erroneously

portrayed events, which events, even if correctly described, are irrelevant and inadmissible in any of the claims asserted by these Plaintiffs against Burnett.

FIRST DEFENSE

The assertions and allegations of Plaintiffs' Complaint against Burnett, including the First, Third, Fourth, Fifth, Sixth, Seventh, and Eight Claims for Relief, are no more than conclusory statements of Plaintiffs' counsel that are not entitled to be assumed true, and as such fail to plausibly state a claim against Burnett upon which relief can be granted.

SECOND DEFENSE

At all times, Burnett merely acted as attorney for his clients, lawfully representing same, performing the tasks and assignments requested of him, filing lawful and proper petitions and legal applications to the government, and asserting constitutionally guaranteed rights and actions for and on behalf of his clients, which lawful conduct and action in representation of his clients cannot serve as the basis for violations of 18 U.S.C. 1584,et seq., 18 U.S.C. 1589, et seq., 18 U.S.C. 1592, et seq., 18 U.S.C. 1594, 18 U.S.C. 1595 or 18 U.S.C. 1962, which lawful representations and actions as an attorney lawfully representing his client are afforded a common law qualified immunity from liability.

THIRD DEFENSE

At all times pertinent, Burnett was filing lawful and proper petitions to the United States government for and on behalf of his clients, which right of petition is guaranteed by the First Amendment, affording Burnett immunity from statutory liability under 18 U.S.C. 1584,et seq.,

18 U.S.C. 1589, et seq., 18 U.S.C. 1592, et seq., 18 U.S.C. 1594, 18 U.S.C. 1595 or 18 U.S.C. 1962,

for exercising such First Amendment rights of and on behalf of his clients, and as such herewith

pleads the doctrine of Noerr-Pennington as a defense to Plaintiffs' First and Second Claims for

Relief.

FOURTH DEFENSE

Any and all statements or representations that may have been made by Burnett were

accurate renditions of statements and representations he was instructed and authorized to make

by Signal in the performance of his responsibilities as an immigration attorney, for which

statements he cannot personally be held liable for misrepresentation or fraud of Signal.

FIFTH DEFENSE

Burnett fully, faithfully, and lawfully  fulfilled all contractual obligations to his clients,

until he was prevented from doing so by Plaintiffs' breached their contractual obligations.

SIXTH DEFENSE

Plaintiffs have suffered no damages or injury as a result of any action or conduct by

Burnett.

SEVENTH DEFENSE

Burnett asserts that any payment received for legal services rendered, including any

assistance with the preparation of immigration forms for submission to governmental agencies

or entities, review of application documentation, vetting for eligibility to migrate to the United

States, counseling potential H-2B workers, and later preparations and filing of extensions and

-3-

other immigration work, that such fees were actually earned, and all services were rendered diligently, honestly, in good faith, within the standard of care, without any misrepresentation of fact or law, and that every Indian worker who migrated to the United States as a result of his work, including Plaintiffs herein, received a fair value for such services rendered, and that as such, Plaintiffs cannot establish that they were defrauded in any manner.

EIGHTH DEFENSE

Plaintiffs have not suffered and cannot establish any detrimental reliance as the result of anything said or done or any alleged representations by Burnett.

NINTH DEFENSE

All claims of negligent or fraudulent misrepresentations are based on conduct alleged to have occurred in either India or the United Arab Emirates, and as such, Plaintiffs have no cause of action under any state of the United States of America or federal law for such alleged conduct.

TENTH DEFENSE

Plaintiffs breached applicable contracts, thereby terminating any further contractual obligations that might otherwise have been due by Burnett, estopping them from making any claims for damages.

ELEVENTH DEFENSE

Burnett pleads misjoinder of parties, of both Plaintiffs and Defendants, pursuant to Rule 21 of the Federal Rules of Civil Procedure.

TWELFTH DEFENSE

Plaintiffs have failed to state the with particularity the facts and circumstances constituting fraud against Burnett, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

THIRTEENTH DEFENSE

As to all Plaintiffs and to all pertinent allegations against Burnett, Burnett herewith denies all and singularly that he made any representation other than that he would prepare and file all H-2B applications and extensions on behalf of Signal, and that at such time as Signal sponsored any Plaintiffs for permanent work in the United States, that he would prepare such applications or petitions for filing.

FOURTEENTH DEFENSE

Plaintiffs' alleged claims are barred by prescription, preemption, laches or applicable statute of limitations.   Texas does not recognize cross-jurisdictional tolling of the statute of limitations for the filing of a class action in federal court where class certification was denied, and as such all state based causes of action have lapsed under applicable statute of limitations. To the extent Indian law may apply, any such claims are likewise barred by the running of applicable statute of limitations, under the choice of law rules of the Texas, the state in which this matter was filed.

FIFTEENTH DEFENSE

At all material times the Burnett Defendants acted lawfully and in good faith and any alleged legal advice rendered was sound, legal and proper.  Burnett denies that any wrongful or

illegal acts were committed by any of the defendants as alleged.  However, the Burnett Defendants aver that in the event it shall be determined that any alleged wrongful and/or illegal acts were committed by any defendant, which is denied, at no time did the Burnett Defendants condone, support, authorize, approve of, join in, participate in, or know of any such alleged wrongful or illegal acts.

SIXTEENTH DEFENSE

Plaintiffs cannot recover for any alleged claims or damage stated in the Plaintiffs' Complaint as plaintiffs' conduct and actions were themselves the cause of any alleged injury or damage; or alternatively, in the event that this Court should find any liability on the part of the Burnett Defendants, which is denied, the Burnett Defendants plead the contributory negligence or comparative fault of plaintiffs which serves as a bar and/or diminution of plaintiffs' recovery. In the further alternative, the Burnett Defendants plead in bar or diminution of recovery the doctrine of assumption of risk and/or volenti non fit inuria.

SEVENTEENTH DEFENSE

In the alternative, in the event this Court should find that plaintiffs have suffered any of the damages alleged, which is denied, the Burnett Defendants aver that plaintiffs' damages, if any, were caused or contributed to by other persons or parties for whose actions the Burnett Defendants are not legally responsible.

EIGHTEENTH DEFENSE

Plaintiffs have failed to mitigate their alleged damages so that any alleged recovery

-6-

sought herein should be reduced or be precluded entirely.

### NINETEENTH DEFENSE

Any damages suffered by plaintiffs (all of which are denied) must be offset by the benefits and income they received from Signal and/or which they could have received had they not left Signal's employ or performed such acts which caused the termination of employment with Signal; and/or which they have otherwise received while working in the United States since leaving Signal's employment.

### TWENTIETH DEFENSE

The Plaintiffs seek relief to which they are not entitled, including, but not limited to punitive damages.

### TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred or reduced by the doctrine in pari delicto, in that plaintiffs, in direct contravention of specific instructions by Burnett, have asserted that they deliberately and knowingly lied and made false statements to American consular officials in order to obtain work visas to the United States.  If that is proved, then plaintiffs' RICO claims are barred under said doctrine; to-wit: as a result of their own conscious and knowing actions, plaintiffs bear at least substantially equal responsibility for the violations they seek to redress via RICO.  Their own culpability was a cause-in-fact and proximate cause of the alleged violations.  Not only would none of the alleged violations have occurred without this culpability, it was a direct

rather than a remote cause of any alleged violations.  Therefore, many, if not all, of the plaintiffs'

claims are barred by their own delictual responsibility.  It is specifically averred that at no time

did the Burnett Defendants know of any such alleged misrepresentations by plaintiffs.  Nor did

the Burnett Defendants advise or counsel any of the plaintiffs or any other party to make or

cause any such alleged misrepresentations to any person or agency or party.  Nor did the Burnett

Defendants make any statement to any agency or party that was false or known to be false when

made.  To the contrary, those Indians with whom Burnett met, were instructed to answer any

questions put to them in an honest and truthful manner.  The Burnett Defendants did not

authorize or direct any other person to instruct or counsel any Indian applicant to lie or

intentionally make false statements to the American consular officials.  All forms, petitions,

applications and other documents prepared and filed by Burnett were in full accord with all

federal, state, or local laws and regulations, were completely proper under said laws and

regulations, and cannot serve as the basis for any claims of fraud or misrepresentation.

TWENTY-SECOND DEFENSE

At no time did the Burnett Defendants knowingly engage in a pattern of racketeering

activity, engage with any enterprise involved in racketeering activity, promote the enterprise

of any association engaged in racketeering activity, or threaten anyone with the continuation

of, much less the initiation of, any enterprise engaged in criminality.  The Burnett Defendants

are not, nor have they ever been organized for any immoral, unlawful or illicit purpose.  The

Burnett Defendants have never knowingly used any unlawful tactic or practice to further its

business or satisfy its business needs.

TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred under the doctrine of unclean hands.

TWENTY-FOURTH DEFENSE

The doctrine of res judicata and issue preclusion prevent Plaintiffs from asserting the claims set forth herein.

TWENTY-FIFTH DEFENSE

The actions for which Plaintiffs seek recovery resulted from the unilateral actions of government entities, agents, agencies, or employees over which defendants had no control.

TWENTY-SIXTH DEFENSE

Plaintiffs claims are barred because they resulted from government action unrelated to the actions of any defendant. Moreover, Plaintiffs assumed the risk that the US Government may deny or refuse to extend applications.

TWENTY-SEVENTH DEFENSE

Plaintiffs' damages were caused in whole or in part by third parties other than the Burnett Defendants, and/or by their own conduct or actions, over which Burnett had no control.

TWENTY-EIGHTH DEFENSE

Burnett performed the services he contracted to provide, earned the fee charged, and as such, as well as under the specific provisions of the contracts with Plaintiffs, Plaintiffs are not

entitled to a refund from the Burnett Defendants.

TWENTY-NINTH DEFENSE

Plaintiffs voluntarily, after due consideration, knowingly and consciously entered into contracts with Burnett, being fully aware of all risks attendant in entering into such contracts, including but not limited to those of traveling to the United States for work, that there was no guarantee or assurance that the United States would issue either temporary or permanent work visas, or that any employment in the United States would be totally satisfactory.

THIRTIETH DEFENSE

Burnett objects to the inflammatory and prejudicial characterizations set forth in the paragraphs of Plaintiffs' Complaint, as opposed to short, plain statements of grounds for relief claimed, and moves that such be stricken from this pleading.  Subject to that objection, all allegations of fact of any wrongdoing, as well as all inferences or suggestions of wrongdoing by Burnett set forth in the numerous paragraphs of Plaintiffs' Complaint are denied.

THIRTY FIRST DEFENSE

Burnett avers that this court lacks personal jurisdiction, either general or specific,  over the Burnett Defendants, Burnett having insufficient minimal contacts with the state of Texas to justify the imposition of jurisdiction over his person, and Burnett not having purposefully availed himself of the protection or advantages of the laws of the state of Texas.

THIRTY-SECOND DEFENSE

-10-

And Now, further answering the specific allegations of Plaintiffs' First Amended Complaint, Burnett avers as follows.

## Paragraph 1

Burnett objects to the inflammatory and prejudicial characterizations set forth in these paragraphs and move that they be stricken.  The allegations of this paragraphs as to Burnett are denied.

## Paragraph 2

The allegations of this paragraph appear to be a conclusion of law, which is not entitled to a presumption of truth, and as such no answer appears necessary.  To the extent an answer is required, all allegations of wrongdoing by Burnett are denied.

## Paragraphs 3 - 6

The allegations of these paragraphs do not appear to concern Burnett.  To the extent an answer is deemed necessary, same are denied for lack of information on which to justify a belief, except to deny that Burnett was retained by Signal to assist in any recruitment of skilled foreign workers, and further deny that there was any "scheme" by Defendants.

## Paragraphs 7,8,9,10 and 11

The allegations of these paragraphs are denied.

## Paragraphs 12 - 13

The allegations of these paragraphs do not appear to concern Burnett.  To the extent an answer is deemed necessary, same are denied for lack of information on which to justify a belief.

Paragraph 14

The allegations of this paragraph appear to be a conclusion of law, which is not entitled to a presumption of truth, and as such no answer appears necessary.  To the extent an answer is required, all allegations of wrongdoing by Burnett are denied.

Paragraphs 15-16

To the extent the allegations set forth in these paragraphs set forth legal conclusions, they require no response from the Burnett Defendants, but are denied out of an abundance of caution, except to admit that this Court has jurisdiction over the subject matter of this case.

Paragraph 17

The allegations of this paragraph do not concern Burnett, and further, appear to be a conclusion of law, and as such no answer appears necessary.  To the extent an answer is required same are denied for lack of information on which to justify a belief.

Paragraph 18

Burnett denies the allegations of this paragraph and asserts that this Court does not have personal jurisdiction over him and again reavers his objection to the exercise of personal jurisdiction over the Burnett Defendants.

Paragraph 19

Burnett asserts that venue is not proper here, pursuant to the first filed rule.

Paragraph 20

The allegations of this paragraph appear to be a conclusion of law, which is not entitled

to a presumption of truth, and as such no answer appears necessary.  To the extent an answer is required, same are denied.

### Paragraph 21

The allegations of this paragraph are denied for lack of information on which to justify a belief.

### Paragraphs 22 - 25

The allegations of these paragraphs are conclusions of law, which are not entitled to a presumption of truth, and as such no answer appears necessary.  To the extent an answer is required, same are denied.

### Paragraphs 26 - 44

The allegations of these paragraphs are denied for lack of information on which to justify a belief.

### Paragraphs 45 - 66

The allegations set forth in these paragraphs do not concern Burnett, and as such no answer appears necessary.  To the extent an answer is required, same are denied for lack of information on which to justify a belief.

### Paragraphs 67 -69

The allegations of these paragraphs are admitted.

### Paragraph 70

The allegations of this paragraph appear to be a conclusion of law, which is not entitled

to a presumption of truth, and as such no answer appears necessary.  To the extent an answer is required, same are denied.

### Paragraphs 71 - 72

The allegations set forth in these paragraphs are denied, except to admit that Defendant, Malvern Burnett, served as agent for service of process for The Law Office of Malvern C. Burnett and GCILC.

### Paragraph 73

The allegations of this paragraph are denied.

### Paragraphs 74 - 89

The allegations set forth in these paragraphs do not concern Burnett, and as such no answer appears necessary.  To the extent an answer is required, same are denied for lack of information on which to justify a belief.

### Paragraphs 90 - 93 and 95

The allegations of these paragraphs are denied.

### Paragraphs 94 and 96

The allegations of these paragraphs are conclusions of law, which are not entitled to a presumption of truth, and as such no answer appears necessary.  To the extent an answer is required, same are denied.

### Recruitment Process

As to all allegations contained in the section of the Amended Complaint entitled,

"Recruitment Process", Burnett denies that he recruited any foreign skilled workers for any Defendant, but rather performed his services as an attorney diligently, honestly, in good faith, within the standard of care, properly preparing and filing all necessary documents, petitions, and/or applications, without any misrepresentation of fact or law, so that Plaintiffs could legally enter the United States in order to work for Signal, as was understood and agreed to by all Plaintiffs.

Paragraphs 97 - 122

The factual allegations of these paragraphs as to Burnett are denied, except to admit that, at all material times, that Burnett Defendants rendered legal services diligently, honestly, in good faith, within the standard of care, without any misrepresentation of fact or law, and that any statements by Burnett at meetings in India or the United Arab Emirates were either informational in nature as to the immigration process with the risks attendant and potential for administrative delays and/or denials of petitions, and/or merely relayed representations made by Signal.  All allegations as to other parties, plaintiffs and defendants are denied for lack of information on which to justify a belief.  All conclusions of law made in these paragraphs require no answer.  However, to the extent an answer to these conclusions of law is required, same are denied as being incorrect and incomplete conclusions of law.

Paragraph 123

The allegations of this paragraph as to Plaintiffs receipt of green cards are admitted, except to deny that Burnett ever promised that the approval of any work visas or green cards

within a certain time frame, or ever, was unconditionally or unequivocally guaranteed.

Paragraph 124

The allegations of this paragraph are denied as written, in that the agreements with Plaintiffs did not require any refund as claimed by Plaintiffs in this paragraph, and the actual requirements and obligations of the contracts executed for the services of Burnett are best evidenced by the written contracts signed by Plaintiffs.

Paragraphs 125 - 127

The allegations set forth in these paragraphs do not concern Burnett, and as such no answer appears necessary.  To the extent an answer is required, same are denied for lack of information on which to justify a belief.

Paragraphs 128 - 129

The factual allegations of these paragraphs as to Burnett are denied.  The allegations as to other Defendants are denied for lack of information on which to justify a belief.

Paragraphs 130 - 131

The factual allegations of these paragraphs are denied.

Paragraphs 132 - 134 and 140 - 142

The allegations contained in these paragraphs are denied, except to admit that Burnett did properly and correctly prepare a the necessary ETA 750 forms, as well as H-2B visa applications and extensions to allow Plaintiffs to legally enter into the United States to work for Signal, in full compliance with all then USCIS regulations and statutes.

Paragraphs 135 - 136

The factual allegations of these paragraphs are denied for lack of information on which to justify a belief.

Paragraphs 137 - 139

The allegations of these paragraphs appear to be a conclusions of law, which are not entitled to a presumption of truth, and as such no answer appears necessary.  To the extent an answer is required, same are denied as inaccurate, incomplete, and incorrect statements of law.

Paragraphs 143 - 147

The allegations of this paragraph are denied.

Paragraph 148

As to Burnett, the allegations of this paragraph are denied.

Paragraphs 149 - 151

The allegations of these paragraphs are denied.

Paragraph 152

The allegations of this paragraph are denied, except to admit that at some point Plaintiffs legally entered the United States as H-2B workers for Signal.

Paragraph 153 and 156

The allegations of these paragraph are admitted.

Paragraphs 154 - 155 and 157 - 158

The allegations of these paragraphs appear to be a conclusions of law, which are not

entitled to a presumption of truth, and as such no answer appears necessary.  To the extent an answer is required, same are denied as inaccurate, incomplete, and incorrect statements of law.

### Paragraph 159 - 163

The allegations of these paragraphs are denied.

### Paragraphs 164 -167

The allegations of these paragraph are denied for lack of information on which to justify a belief.

### Paragraph 168

As to Burnett, the allegations of this paragraph are denied.

### Paragraph 169

The allegations of this paragraph are denied, except to admit that at  at some point Plaintiffs legally entered the United States as H-2B workers for Signal.

### Paragraph 170

The allegations of this paragraph are denied for lack of information on which to justify a belief.

### Paragraph 171

The allegations of this paragraph are admitted.

### Paragraph 172

The allegations of this paragraph are denied for lack of information on which to justify a belief.

Paragraph 173

The allegations of this paragraph are denied, except to admit that Burnett did meet with many candidates prior to their consular interviews in order to familiarize them with the process and help prepare them for same.

Paragraph 174

As to Burnett, the allegations of this paragraph are denied.

Paragraphs 175 - 180

As to Burnett the allegations of these paragraphs are denied, as to all others, the allegations of these paragraph are denied for lack of information on which to justify a belief.

Paragraphs 180 - 191

The allegations of these paragraphs are denied for lack of information on which to justify a belief.

Paragraph 192

The allegations of this paragraph are denied for lack of information on which to justify a belief, except to deny that Plaintiffs had no choice in their voluntary and knowing decision.

Paragraphs 193 - 194

The allegations of these paragraphs are denied for lack of information on which to justify a belief.

Paragraphs 195 - 197

The allegations of these paragraphs are denied for lack of information on which to justify

a belief, except to deny that the fees Burnett charged were for anything beyond payment for the services he rendered.

Paragraphs 198 - 230

The allegations of these paragraphs do not concern Burnett, and as such appear to require no answer by him.  To the extent an answer is deemed necessary, same are denied for lack of information on which to justify a belief.

Paragraphs 231 - 232,  272 and 274

The allegations of these paragraphs as to Burnett are denied.  As to any other Defendant same are denied for lack of information on which to justify a belief.

Paragraphs 233 - 273 and 275 - 283

The allegations of these paragraphs do not concern Burnett, and as such appear to require no answer by him.  To the extent an answer is deemed necessary, same are denied for lack of information on which to justify a belief.

Paragraph 284

The allegations of this paragraph are denied for lack of information on which to justify a belief, except to deny that under the terms of the Attorney Services Agreement and other contractual undertakings by Plaintiffs, especially considering Plaintiffs' breach of said contractual obligations, that any refunds were due Plaintiff.

Paragraph 285

The allegations of this paragraph are denied to the extent it suggest that Plaintiffs

detrimentally relied on any representations by Burnett.  As to all other defendants and allegations same are denied for lack of information on which to justify a belief.

## Paragraph 286

Any factual allegations of wrongdoing against Burnett that are re-averred this paragraph are denied.  Burnet re-avers, and incorporates all denials, responses, and objections previously raised herein.

## Paragraphs 287 through 295

The factual allegations set forth as to Burnett in these paragraphs are denied. To the extent the allegations in these paragraphs set forth legal conclusions, they are not entitled to any presumption and require no response from the Burnett Defendants.  However, should an answer be deemed necessary to these legal conclusions, same are denied as incorrect, incomplete, and misinterpreted conclusions of law, and further deny same are applicable to any of the facts of this matter.

## Paragraphs 296 -297

The allegations of these paragraphs are denied.

## Paragraph 298

Any factual allegations of wrongdoing against Burnett that are re-averred this paragraph are denied.  Burnet re-avers, and incorporates all denials, responses, and objections previously raised herein.

### Paragraphs 299 through 343

The factual allegations set forth as to Burnett in these paragraphs are denied. To the extent the allegations in these paragraphs set forth legal conclusions, they are not entitled to any presumption and require no response from the Burnett Defendants.  However, should an answer be deemed necessary to these legal conclusions, same are denied as incorrect, incomplete, and misinterpreted conclusions of law, and further deny same are applicable to any of the facts of this matter.

### Paragraphs 344 - 345

The allegations of these paragraphs are denied.

### Paragraphs 346 through 358

The allegations of these paragraphs do not refer to or concern Burnett.  As such, no response is required to these paragraphs, but to the extent an answer is deemed necessary, same are  denied for lack of information on which to justify a belief.  To the extent the allegations in these paragraphs set forth legal conclusions, they require no response from the Burnett Defendants, however, should an answer be deemed necessary to these legal conclusions, same are denied as incorrect, incomplete, and misinterpreted conclusions of law, and further deny same are applicable to any of the facts of this matter.

### Paragraph 359

Any factual allegations of wrongdoing against Burnett that are re-averred this paragraph are denied.  Burnet re-avers, and incorporates all denials, responses, and objections previously

raised herein.

Paragraphs 360 through 363

The factual allegations as to Burnett in these paragraphs are denied.  To the extent the allegations in this paragraph sets forth legal conclusions, they require no response from the Burnett Defendants.   However, should an answer be deemed necessary to these legal conclusions, same are denied as incorrect, incomplete, and misinterpreted conclusions of law, and further deny same are applicable to any of the facts of this matter.

Paragraphs 364 - 365

The allegations of these paragraphs are denied.

Paragraphs 366, 378, 385, and 397

Any factual allegations of wrongdoing against Burnett that are re-averred in these paragraphs are denied.  Burnet re-avers, and incorporates all denials, responses, and objections previously raised herein.

Paragraphs 367 - 377, 379 - 384, 386 - 396 and 398 - 404

The allegations in these paragraphs are denied.

Prayer For Relief

Plaintiffs Prayer for Relief are conclusions of law, and most concern Defendants other than Burnett, neither of  which require an answer by Burnett.  Any factual allegations as to Burnett are denied.  All legal conclusions as to Burnett are denied.  Burnett denies that any Plaintiff is any entitled to relief from Burnett in this matter, and further denies that Burnett

-23-

would be liable jointly and severally with any other Defendant under any circumstance.

RICO FRAUD CHART - EXHIBIT 1 to PLAINTIFFS' COMPLAINT

And now answering each and every allegation of the Plaintiff's RICO Fraud Chart filed with Plaintiffs' Amended Complaint as Exhibit1 to Plaintiffs' Complaint, Burnett Defendants aver as follows:

All of the allegations of Plaintiffs' Fraud Chart are denied as Burnett, except to admit, that from time to time, in furtherance of the services he performed as an attorney, he communicated with some of the other defendants herein, and that the USCIS mailed notices from time to time, indicating approval of petitions and applications for visas, that he fully and properly informed and advised all Indian workers as to the immigration process, the process by which Signal would employ them under immigration laws and regulations. Burnett specifically denies that any mail, wire, or other communications by him were false, fraudulent or intended to defraud anyone, that any such communications in any way constituted mail, wire, immigration, or document fraud in any manner, or that anyone was ever defrauded by him. Moreover, Burnett a denies that the RICO Fraud Chart sets forth or establishes in any manner, the existence of any fraudulent or wrongful conduct on his part, or any conspiracy or racketeering activities of him or any Defendant.

Further, out an abundance of caution, Burnett specifically avers as follows.

Paragraphs F5, F11, F12, F19, F20, F21, F22, F32, F34, F35, F43, F44, F65, F107, F110, F115,

F120, F207, F254, F255, F258, F263,

The allegations set forth in these paragraphs contain rank hearsay references to Burnet, and do not establish, except by such hearsay references, activities of the Burnett Defendants, and as such are denied for lack of sufficient information.   To the extent the allegations set forth in these paragraphs directly or indirectly allege acts that support fault and/or liability by any of the Burnett Defendants, they are denied.  Moreover, the documents referenced in the aforementioned paragraphs, if they exist, are the best evidence of what they purport to contain.


Paragraphs: F40, F50, F74, F79, F89, F108, F123, F207, F219, and F220.

Denied as written as to all allegations pertaining to the Burnett Defendants, except to admit that, at all material times, if the Burnett Defendants rendered any legal services at any time, such services were rendered diligently, honestly, in good faith, within the standard of care, without any misrepresentation of fact or law, and all services were rendered through Burnett, APLC.  All allegations referencing other defendants, or to documents not provided, are denied for lack of sufficient information.  To the extent the unspecified allegations set forth in these paragraphs directly or indirectly allege acts that support fault and/or liability by any of the Burnett Defendants, they are denied.   Any documents referenced in the aforementioned paragraphs are denied out of abundance of caution because said documents were not provided. If said documents exist, the Burnett Defendants deny that the documents will show any direct or indirect evidence of fault or liability on the part of any of the Burnett Defendants, or that any

document prepared by Burnett was anything other than accurate, proper, and in full compliance with all laws and regulations.

Paragraphs: F17, F37, F38, F40, F41, and F178.

Denied as written as to all allegations pertaining to the Burnett Defendants, except to admit that, at all material times, any payment received for legal services rendered, including any assistance with the preparation of immigration forms for submission to governmental agencies or entities, review of application documentation, vetting for eligibility to migrate to the United States, counseling potential H-2B workers, and later preparations and filing of extensions and other immigration work, that such fees were actually earned, and all services were rendered diligently, honestly, in good faith, within the standard of care, without any misrepresentation of fact or law, and that every Indian worker who migrated to the United States as a result of his work, including Plaintiffs herein, received a fair value for such services rendered, and that  all services were rendered through Burnett, APLC.  To the extent the allegations set forth in these paragraphs directly or indirectly allege acts that support fault and/or liability by any of the Burnett Defendants, they are denied.  All allegations referencing other defendants or documents not provided are denied for lack of sufficient information.  Any documents referenced in the aforementioned paragraphs are denied out of abundance of caution because said documents were not provided. If said documents exist, the Burnett Defendants deny that the documents will show any direct or indirect evidence of fault or liability on the part of any Defendant.

Paragraphs: F15, F40, F50, F65, F74, F79, F82, F85, F86, F89, F95, F108, F120, F123, F142, F151, F161, F180, F182, F219, and F220.

The allegations of these paragraphs are denied, except to admit that at various informational meetings Burnett provided true, correct, and accurate information about the immigration, green card, and visa processes to various prospective workers. The alleged dates of said meetings and the alleged attendees or participants are denied for lack of information to support a belief therein. All remaining allegations are denied as written as to all allegations pertaining to the Burnett Defendants, except to admit that, at all material times, if the Burnett Defendants received payment for legal services, or rendered any legal services at any time, including any assistance with the preparation of immigration forms for submission to governmental agencies or entities, such fees were actually earned, and all services were rendered diligently, honestly, in good faith, within the standard of care, without any misrepresentation of fact or law, and all services were rendered through Burnett, APLC. To the extent the allegations set forth in these paragraphs directly or indirectly allege acts that support fault and/or liability by any of the Burnett Defendants, they are denied. All allegations referencing other defendants or documents not provided are denied for lack of sufficient information. Any documents referenced in the aforementioned paragraphs are denied out of abundance of caution because said documents were not provided. If said documents exist, the Burnett Defendants deny that the documents will show any direct or indirect evidence of fault or liability on the part of any Defendant, or that any document prepared by Burnett was anything other than

accurate, proper, and in full compliance with all laws and regulations.

Paragraphs: F56, 63, 75, and 76

Admitted, except to deny any allegation, inference, or suggestion that any such form or forms prepared by Burnett were false, fraudulent, improper, or other than  accurate, properly prepared, and fully compliant with all laws and regulations.

Paragraphs: F85, and F108.

The allegations of these paragraphs are denied, except to admit that at all times, including anything that concerned consulate interviews, Burnett gave appropriate, correct, and proper legal advice in full compliance with all immigration laws and regulations, and at all times advised clients to honestly answer any questions asked.

WHEREFORE, the Burnett Defendants, MALVERN C. BURNETT, LAW OFFICES OF MALVERN C. BURNETT, A PROFESSIONAL LAW CORPORATION AND GULF COAST IMMIGRATION LAW CENTER L.L.C., pray that these Answers be deemed good and sufficient, and that after due proceedings, there be Judgment herein in his favor dismissing all claims against them with prejudice; and for a judgment in their favor for all attorney's fees and costs incurred by them in the defense of this matter; and for all general and equitable relief to which they may be entitled, and for a trial by jury.


Respectfully submitted,

s/ Timothy W.  Cerniglia

Timothy W.  Cerniglia (TX Bar# 00789930)
1521 St. Charles Avenue
New Orleans, Louisiana 70130
Office: 504-586-0555
Facsimile: 504-586-0550

Attorneys for Malvern C. Burnett,
The Law Offices of Malvern C. Burnett,
A.P.C. , and the Gulf Coast Immigration
Law Center, L.L.C.

CERTIFICATE OF SERVICE

This is to certify that a copy of this motion has been served electronically on Plaintiffs and the

Signal Defendants with the Clerk of Court using the CM/ECF system this 8th day of November,

2014.

s/ Timothy W. Cerniglia

-29-