UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| SRINIVASA RAO KAMBALA, et al | * | Case No: 1:13-cv-00498 RC-ZJH |
| Plaintiffs | * | |
| | * | |
| vs. | * | |
| | * | |
| | * | |
| SIGNAL INTERNATIONAL, LLC, et al, | * | |
| Defendants | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

ANSWER OF MALVERN C. BURNETT,
LAW OFFICES OF MALVERN C. BURNETT, A P L C'S, AND GULF COAST IMMIGRATION
LAW CENTER, L.L.C. TO CROSS CLAIMS OF SIGNAL DEFENDANTS

Now, through undersigned counsel, comes MALVERN C. BURNETT, THE LAW OFFICES OF MALVERN C. BURNETT, A.P.L.C. AND GULF COAST IMMIGRATION LAW CENTER, L.L.C. (hereinafter "Burnett") who, in answer to the Cross-Claims of Signal Defendants, make the following answer and defenses.

FIRST DEFENSE

The Cross-Claim against Burnett fails to state a claim upon which relief may be granted as to Burnett.

SECOND DEFENSE

Signal has suffered no damages as a result of any actions or conduct by Burnett.

### THIRD DEFENSE

Burnett is not responsible for the actions or inactions of other parties with whom Signal may have had a relationship, or for Signal's own tortuous actions and conduct. Accordingly, Burnett had no responsibility to Signal for such and does not owe any form of indemnity to Signal.

### FOURTH DEFENSE

Signal has no contractual basis for indemnity from Burnett, and is not entitled to any form of delictual or tortuous indemnity from Burnett as a matter of law.

### FIFTH DEFENSE

Signal is a sophisticated consumer of legal services in connection with contract labor providers and labor recruiters, fully understood all relevant issues and obligations to which it agreed in order to obtain welders and fitters to fill its needs, and the consequences of its own actions and conduct with regard to such workers, and suffered no losses as a result of any legal services performed by or conduct of Burnett, and as such has no cause of action for deceptive trade practices, misrepresentation, or detrimental reliance as a mater of law.

### SIXTH DEFENSE

Any damages that may have been suffered, which were not caused by any action or conduct of Burnett, were instead caused solely by Signal's own actions, violations of federal labor laws, tortuous conduct, misrepresentations, and breach of agreements with Indian workers.

SEVENTH DEFENSE

Burnett pleads the doctrine of unclean hands, in that the entire basis and cause of this action and any and all damages alleged by Signal was its own intentional misconduct, violations of federal labor laws, tortuous conduct, misrepresentations, and breach of agreements with Indian workers.

EIGHTH DEFENSE

Burnett Defendants plead the contributory negligence or comparative fault of Signal which serves as a bar and/or diminution of any recovery by Signal under its cross claim. In the further alternative, the Burnett pleads in bar or diminution of recovery the doctrine of assumption of risk and/or volenti non fit inuria.

NINTH DEFENSE

In the alternative, in the event this Court should find that Signal has suffered any of the damages alleged, which is denied, the Burnett Defendants aver that Signal's damages, if any, were caused or contributed to by other persons or parties for whose actions the Burnett Defendants are not legally responsible.

TENTH DEFENSE

At no time did Burnett enter into any contract with Signal to provide Signal with employees under an H-2B visa. Rather, Signal elected to and contracted with Global Resources to recruit Indian workers to work for Signal under the H-2B visa program and to sponsor H-2B

workers for permanent residency if the H-2B visas or subsequent extensions of such visas were denied, or after the last H-2B visa extension was granted, and agreed to Global Resources utilizing the services of Burnett to perform all necessary immigration legal services, and as such have no causes of action against Burnett.

## ELEVENTH DEFENSE

The limited written agreement between Signal and Burnett, which was fully and completely honored by Burnett, did not involve or concern any Plaintiffs herein or result in their initial employment by Signal, the working and living conditions imposed on said Plaintiffs by Signal, the breach by Signal of its pre-employment and employment contracts with Plaintiffs, the termination of their employment by Signal, or the institution of suit by Plaintiffs against Signal, and as such, cannot serve as the basis for any cause of action against Burnett.

## TWELFTH DEFENSE

At no time did Burnett induced any employee, or former employee, of Signal to breach any employment contract with Signal, but rather, to the extent that any H-2B worker left Signal's employment, they did so because of Signal's breach of pre-employment and employment contracts with such workers, its own misconduct, violations of federal labor laws, its tortuous conduct, mistreatment of Indian workers, and the working and living conditions it imposed on such workers.

## THIRTEENTH DEFENSE

Signal, in its sole discretion, terminated numerous H-2B workers from Signal's

employment, and, in hopes of avoiding potential liability to said workers for breach of employment and pre-employment contracts, elicited Burnett's assistance in finding new employers for said workers, thereby ratifying, endorsing, and approving of Burnett's actions in filing necessary immigration documents to protect the interest and rights of Signal's H-2B workers.

FOURTEENTH DEFENSE

Burnett did not undertaken any duties or responsibilities regarding Signal's H-2B workers and, accordingly, Signal's Cross Claims is without basis in law or fact.

FIFTEENTH DEFENSE

Signal's Cross Claims are barred by prescription, preemption, laches or applicable statute of limitations. Texas does not recognize cross-jurisdictional tolling of the statute of limitations for the filing of a class action in federal court where class certification was denied, and as such all state based causes of action have lapsed under applicable statute of limitations.

SIXTEENTH DEFENSE

Burnett avers that this court lacks personal jurisdiction, either general or specific, over the Burnett Defendants, Burnett having insufficient minimal contacts with the state of Texas to justify the imposition of jurisdiction over his person, and Burnett not having purposefully availed himself of the protection or advantages of the laws of the state of Texas.

SEVENTEENTH DEFENSE

And now more particularly answering the allegations and Counts of Signal's Cross

Claims, aver as follows:

1. The allegations of paragraph 379 of Signal's Cross Claim appear to require no answer on behalf of Burnett. To the extent an answer is deemed necessary, it is admitted that Plaintiffs throughout its Sixth amended Complaint referred to Burnet as the "Legal Facilitator Defendants".

2. The allegations of paragraphs 380, 381, 382, 383, and 389 of Signal's Cross Claim are denied for lack of information on which to justify a belief.

3. The allegations of paragraphs 385, 387, 388, 389, 390, 391, 392, 393, 394, 395, 398, 399, 400, 401, 402, 404, 405, 406, 407, 408, and 409 of Signal's Cross Claim are denied.

4. The allegations of paragraphs 396, 397, 399, and 403 of Signal's Cross Claim are denied as containing false or inaccurate assumptions, false or inaccurate conclusions of law, and/or self serving statements that are incorrect, incomplete, and misleading, such that any answer would erroneously infer the correctness of Signal's assumptions, conclusions and self serving statements.

5. The allegations of paragraph 384 and 386 of Signal's Cross Claim are admitted, except to deny that said contract with Global Resources in any way constituted a contract with Burnett for legal services, and assert that the best evidence of the contract is the document itself.

6. Burnett denies that Signal has any cause of action under its Counts 1 through 10 of its Cross Claim, or that Signal has stated any claim for relief under said Counts upon which

relief can be based, and that at all times Signal was well aware and fully informed of all material facts in bringing Indian welders and fitters to work at its facilities, and notwithstanding its assertions to the contrary, it completely understood the procedure and process that would be utilized to fulfill its needs, and the full extent of its commitment to such workers.

7. The allegations of paragraphs 410 through 413, 416 through 436, 438 through 452, and 455 through 466 of Signal's Cross Claim are denied.

8. The allegations of paragraphs 414 and 415 of Signal's Cross Claim are denied as containing false statements and conclusions that any statement or statements by Burnett to Signal was false or that anything was ever misrepresented to Signal, and further denies that Signal was not fully aware of all material facts concerning the employment of these workers and the procedure and process for their employment and its commitment to such workers.

9. The allegations of paragraph 437 of Signal's Cross claim are denied, except to admit that the Indian workers whom Signal employed, at the full knowledge and approval of Signal, entered into separate contracts with Burnett by which the workers would be responsible for the legal services rendered.

10. The allegations of paragraphs 453 and 454 of Signal's Cross claim are admitted, except to deny that Signal's sole obligations to the Indian workers was that it would only employ them on the basis of H-2B visas or that Signal's only employment and pre-employment

obligations to the workers was their employment, housing, and board.

WHEREFORE, the Burnett Defendants, MALVERN C. BURNETT, LAW OFFICES OF MALVERN C. BURNETT, A PROFESSIONAL LAW CORPORATION AND GULF COAST IMMIGRATION LAW CENTER L.L.C., pray that these Answers to Signal's Cross Claims be deemed good and sufficient, and that after due proceedings, there be Judgment herein in their favor dismissing all claims against them with prejudice; and for a judgment in their favor for all attorney's fees and costs incurred by them in the defense of this matter; and for all general and equitable relief to which they may be entitled, and for trial by jury.

Respectfully Submitted,

  s/ Timothy W. Cerniglia
Timothy W. Cerniglia, (TX Bar #00789930)
1521 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: 504-586-0555
Facsimile:  504-586-0550

COUNSEL FOR Malvern Burnett,
Gulf Coast Immigration Law
Center, LLC and the Law Offices of
Malvern C. Burnett, A.P.L.C.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served on all counsel of record electronically through this Court's EM/ECF system, this 8th day of November, 2014

                                          <u>  s/Timothy W.  Cerniglia  </u>